UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE,<br><br>    Plaintiff<br><br>v.<br><br>ALLIED SECURITY COMPANY, INC. AND EDWARD RZEPPA<br><br>    Defendants | Civil Action No. 04-12216-RCL |

### ANSWER OF DEFENDANTS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, Allied Security LLC[1] ("Allied"), and Edward Rzeppa, in the above-captioned matter hereby respond to the allegations contained in Plaintiff's First Amended Complaint as follows:

### THE PARTIES

1.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.    (a)    Defendants admit the allegations in paragraph 2(a), except that the proper name of the company is Allied Security LLC and that Defendant Rzeppa was the Site Manager at 6 and 8 Whittier Place and state that Defendant Rzeppa's family originates from various countries.

(b)    Defendants deny the allegations in paragraph 2(b), except admit so much of this paragraph as alleges that Defendant Allied has a principal place of business in the Commonwealth of Pennsylvania and has a Massachusetts office located at 1135 Tremont Street,

---

[1] Improperly identified as Allied Security Company, Inc.

Boston, MA 02218. Further Defendants admit that Allied acquired Security Systems Inc. by whom Plaintiff had previously been employed.

## PRIOR PROCEEDING

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Defendants deny the allegations in paragraph 7, except admit that a civil complaint was prepared.

8. Paragraph 8 states conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 8, except admits there is diversity of jurisdiction among the parties, and that the Complaint raises a federal question.

9. Paragraph 9 states conclusions of law to which no response is required. To the extent that a response is required, Defendants admit that venue is proper in this court.

10. Paragraph 10 states conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 10.

## STATEMENT OF THE FACT

11. Defendants deny knowledge or information as to the truth of the allegations in paragraph 11, except admits so much of this paragraph as alleges that Plaintiff became an employee of Defendant Allied on March 19, 2004.

12. Defendants admit the allegations in sentence one of paragraph 12. Defendants admit the allegations in sentence two of paragraph 12, except state that Defendant Rzeppa's family originates from various countries.

13. Defendants deny the allegations in paragraph 13.

14. Defendants deny the allegations in paragraph 15, except admit that Plaintiff's employment was terminated on April 16, 2004 as a result of his misconduct in responding to a request from a registered guest of a resident of the building in which he was working as a security guard, and that Floyd Lewis, the Shift Supervisor, was called to assist during this incident.

15. Defendants deny the allegations in paragraph 15, except admit so much of this paragraph as alleges that Plaintiff inappropriately called a registered guest "a bitch" and that Mr. Lewis overheard his comment.

16. Defendants deny the allegations in paragraph 16, except admit so much of this paragraph as alleges that Defendant Rzeppa met with Plaintiff on April 16, 2004 to discuss Plaintiff's misconduct, that Mr. Rzeppa informed Plaintiff that his employment had been terminated due to his misconduct, that Mr. Rzeppa provided Plaintiff with a document regarding the termination of Plaintiff's employment, which document speaks for itself, that Plaintiff threatened to file a lawsuit, and that Mr. Rzeppa asked Plaintiff to collect his personal belongings

and to return his remaining uniforms after informing Plaintiff that his employment was terminated.

17. Defendants deny the allegations in paragraph 17 (mis-numbered 16 in the Complaint), except admit so much of this paragraph as alleges that Plaintiff telephoned the security desk at 8 Whittier Place during the evening on or about April 16, 2004 and spoke with Mr. Lewis.

18. Defendants deny the allegations in paragraph 18 (mis-numbered 17 in the Complaint).

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any action taken by Defendants with respect to Plaintiff's employment was taken for legitimate purposes and was consistent with principals of law.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff suffered damages as alleged in his First Amended Complaint, he is barred from recovery, in whole or in part, due to a failure to mitigate those damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust filing requirements under federal and state law.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered any damages, they were due to actions by an entity or person other than Defendants.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, laches, waiver, and/or unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable limitations period.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's FMLA claim fails because, among other things, he was not an eligible employee under the FMLA.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because of insufficiency of process and/or insufficiency of service of process.

### TENTH AFFIRMATIVE DEFENSE

Defendants reserve their right to add such additional affirmative defenses and/or counter claims as become evident as the case progresses.

WHEREFORE, Defendants respectfully request that this Court:

1. Dismiss the Complaint in its entirety, with prejudice;

2. Enter judgment on their behalf on all claims;

3. Award them their attorneys' fees and costs; and

4. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

ALLIED SECURITY LLC AND
EDWARD RZEPPA
By their attorneys,

/s/ Richard W. Paterniti
Jeffrey S. Brody, BBO# 566032
Richard W. Paterniti, BBO#645170
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

January 18, 2005

### CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2005, a copy of the foregoing was filed electronically with the court and served by first class mail on Plaintiff Begashaw Ayele, PO Box 230548, Boston, MA 02123.

*/s/ Richard W. Paterniti*
Jackson Lewis LLP