UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE,<br><br>    Plaintiff<br><br>v.<br><br>ALLIED SECURITY COMPANY, INC. AND EDWARD RZEPPA<br><br>    Defendants | Civil Action No. 04-12216-RCL |

### DEFENDANTS' PROPOSED STATEMENT REGARDING PRETRIAL SCHEDULE

Defendants submit this Statement pursuant to Local Rule 16.1 of the United States District Court for the District of Massachusetts and the Court's Notice of Scheduling Conference. Plaintiff has indicated that he does not agree with this statement and that he will file his own statement. Plaintiff nevertheless failed to identify specific disagreements with this schedule or propose his own prior to the deadline for filing such statements. Therefore, Defendants request that the Court approve the following proposed Pretrial Schedule and Discovery Plan:

### Concise Summary of Position Asserted By Plaintiff

Plaintiff states in his Complaint that he was employed by Allied Security LLC as a security guard stationed at Whittier Place in Boston from approximately March 19, 2004 to April 16, 2004. Defendant Rzeppa was Plaintiff's supervisor during his employment. Plaintiff claims that he was wrongly accused of misconduct and that his employment was terminated due to his national origin, and in violation of the Family and Medical Leave Act ("FMLA").

### Concise Summary of Position Asserted By Defendants

Defendant states that Plaintiff's employment was terminated after he acted inappropriately toward a guest at the building where he was working. In particular, Plaintiff

referred to a registered guest by using a derogatory term and was overheard doing so by the shift supervisor. Plaintiff's termination, therefore, was for legitimate business reasons unrelated to his national origin. In addition, Plaintiff cannot make out a claim under the FMLA because, among other reasons, he was not employed by Defendant for the one year period required to be eligible for any rights under the FMLA.

## Proposed Pretrial Schedule and Discovery Plan

| | |
|---|---|
| March 11, 2005 | Deadline for providing initial disclosures. |
| September 30, 2005 | Deadline for completion of all fact discovery, including requests for production of documents, interrogatories and fact witness depositions. The parties agree that the deposition of Plaintiff and the deposition of Defendant Rzeppa shall not be limited to seven hours or to one day. |
| November 15, 2005 | Deadline for filing dispositive motions, if any party determines that such a motion is appropriate. |
| December 15, 2005 | Deadline for filing oppositions, if any, to dispositive motions. The parties agree that a moving party may file a reply to the opposition of the responding party. |
| January 31, 2006 | Plaintiff to disclose his experts and expert reports. |
| February 28, 2006 | Defendants to disclose their expert and expert reports. |
| March 31, 2006 | Depositions of Plaintiff's and Defendants' experts to be completed. |
| TBD by Court | Trial |

This discovery schedule assumes the cooperation of the parties, all third party witnesses, and expert witnesses. Defendants suggest that requests for additional time for discovery may be made and shall be reasonably agreed to in the event of delays occasioned by discovery disputes requiring a decision by the Court, and/or the unavailability of fact or expert witnesses due to vacation or work schedules.

## Certifications

Defendants will submit under separate cover the certification required by Local Rule 16.1(D)(3).

WHEREFORE, Defendants respectfully request that the Court approve their Proposed Pretrial Schedule and Discovery Plan, with such amendments as the Court deems just and proper.

Respectfully submitted,

ALLIED SECURITY LLC AND
EDWARD RZEPPA
By their attorneys,

/s/ Richard W. Paterniti
Jeffrey S. Brody, BBO# 566032
Richard W. Paterniti, BBO#645170
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: February 9, 2005