UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
BEGASHAW AYELE, <u>PRO SE</u>                    )
)
          Plaintiff                      )
)
          vs.                            )      CIV. ACTION NO. 04- 12216RCL
)
ALLIED SECURITY LLC., ET AL.       )
)
          Defendant                      )
)

## BY HAND DELIVERY

TO:

Richard W. Paterniti
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116

April 10, 2005

        RE:   `DISCLUSOURES OF DOCUMENTS UNDER RULE
                  <u>26 OF THE FEDERAL RULE OF CIVIL PROCEDURE</u>

Dear Mr. Paterniti,

      I am writing this letter in reference to our earlier telephone conversation and your recent letter to me dated April 8, 2005 concerning discovery issues under FRCP. 26.   In your correspondence to me titled "INITIAL DISCLOSURES OF DEFENDANTS", dated February 22, 2005, you stated that the "Document likely to be relevant in ·this action include *Plaintiff's Personnel File* and documents concerning Allied's Personnel Policies". You promised to produce all documents you identified and further asserted that ...."defendant reserve the right to supplement this list as necessary". As of this day, however, you have not disclosed all identified documents particularly plaintiff's *complete* Personnel File either from the previous company (Security System Inc., "SSI") or Allied Security LLC. but partial copy of a training memo ......etc.. from Security Systems Inc. which has no any relationship to the plaintiff's case as my employment with SSI was ended prior to Allied Security's takeover on March 19, 2003.

Please be informed that Rule 26 of the Federal Rule of Civil Procedure require a party in a civil case to produce such documents **"without waiting a discovery request...."** and, therefore, you have no legal justification to hold such personnel file for two months. As you have indicated in your notice of deposition to me, the date of the deposition is for <u>April 28, 2005</u> and, therefore I should receive the complete copy of my personnel record (including payroll & time shift or attendance record) all of which are covered under Rule 26.

Last week when we discussed this matter, you informed me that you will be on vacation for few days and by considering that time, I have given you to produce all requested documents from SSI and Allied until **April 21, 2005** so that I will retain all of the documents that I am entitled to. If I did not receive such documents by the close of the business hours of April 21, 2005, however, I have no other choice but to file **Motion for Compelling Discovery** and, in the alternate, **Motion in Limine** to exclude such documents from introduction as evidence as I have no legal obligation to testify on the documents that I have not chance to review. The plaintiff's deposition of April 28, 2005, likewise will be affected as plaintiff can not testify without difficulty in the absence of reviewing my personnel record prior to the deposition date.

In the copy of documents produced recently by defendants under Rule 26 Initial Disclosures, plaintiff had noted document falsification and/or fabrications to reinforce the defense of the case. To assert the authenticity of documents, plaintiff formally ask defendant's counsel to present the **original** of all documents falsified and/or modified by Edward Rzeppa at the time and place of plaintiff's deposition.

The original copy of this letter of correspondence has been filed with the court to remind defendants that, in the absence of proper response to the request, the motion for compelling discovery will be filed by plaintiff effectively after the notice of this letter ended on April 21, 2005.

Sincerely,

Begashaw Ayele    4 / 11 / 2005

Begashaw Ayele