UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE, PRO SE ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> ALLIED SECURITY LLC, ET AL. ) <br> ) <br> Defendant(s) ) <br> ) | Civ. Action No. 04- 12216RCL |

## MOTION FOR COMPELLING DICOVERY UNDER
## FEDRAL RULE OF CIVIL PROCEDURE 37.

Pro se litigant I Begashaw Ayele, move this court to seek judicial Order compelling the discovery of documents that would have been produced to plaintiff in no more than three days had defendant's counsel acted in a professional conduct. To remind the court as to the basis of my request for compelling discovery, I have state the fact as follows:

1.    As an initial matter and prior to the initial case management conference per order of the court parties were required to propose their respective discovery plan. In DEFENDANTS' PROPOSED STATEMENT REGARDING PRETRIAL SCHEDULE" counsel stated to this court:

> "plaintiff indicated that he does not agree with statement and that
> he will file his own statement. *Plaintiff nevertheless failed to identify
> specific disagreements with this schedule or propose his own prior
> to the deadline for filing such statement*. Therefore, Defendants
> request that the court approve the following proposed pretrial schedule
> and discovery plan. See **EXHIBIT -A**, at first paragraph

1

Contrary to the counsel's assertion, however, plaintiff had **indicated** that I was not agreed with the counsel's proposed discovery plan *because of conflicting time with other case as well as non-court related personal program " (emphasis added)* See **EXHIBIT – B**. As a result, the court did not "approved" the counsel's discovery plan that he had prepared as he please. Rather the court had set another dates that were agreed upon by the parties. **EXHIBIT – C** at page 3

Believing that plaintiff will not addressed any other issue of disagreement to this court, once again, counsel repeatedly advanced several excuses in order **not** to comply with the initial discovery plan that he himself promised to produce certain documents voluntarily. In his February 22, 2005 document titled "INITIAL DISCLOUSURE OF DEFENDANTS", at part II., subtitle "Documents Likely To Be Relevant," **EXHIBIT –D** of page 2, counsel asserted as follows:

> *The documents likely to be relevant in this action include plaintiff's personnel file and documents concerning Allied's personnel policies and practices. It was also asserted that "Defendant reserve the Right to supplement this list as necessary.* (emphasis added)

Disbelieving what counsel had said in the past and continue to disbelieve him under the circumstances, plaintiff had written letter of correspondence to counsel dated April 10, 2005 ( a copy was filed with the court ***) and informing him that, as a last resort, I will be forced to file MOTION FOR COMPELLING DISCOVERY" if I did not received my **personnel file** (and related documents) from my former employers of Security System Inc. "SSI" and/or the later company that took over SSI, i.e., Allied Security Co. LLC. by April 21, 2005. See **EXHIBIT - E**

---

\*\*\*   *The copy of the letter that I filed with the court was not indicated or reflected on the docket record of the court and the clerk of the court left two message in my answering machine to inform me not to file such papers as these papers are only between the disputed parties. Plaintiff disagrees with the clerk's suggestion because that is not the way I have argued other civil right cases before. Plaintiff did not filed* **request for production of documents or interrogatories** *but [ a] letter to alert the court about opposing counsel's conduct and to put him on notice as to my intention to file a motion for compelling discovery if he continue to refuse to comply with the rule. This morning Plaintiff contacted the clerk to ask him to put back  exhibit E above, to stand in the  docket record and informed me that he will.*

2

In response to my letter of April 4, 2005 and in numerous telephone conversation *before, during* and *after* cited date of my letter, defense counsel by letter of April 8, 2005 indicated that he enclosed requested personnel file of the plaintiff (**EXHIBIT – F**) and in his letter of April 21, 2005, enclosed the payroll record **EXHIBIT – G**, Furthermore, defense counsel had stated that:

> …please note that Allied Security is unable to locate a personnel file for you from SSI. Inc. As a result, the documents that were previously produced to you and those that are enclosed are copies of personnel record that Allied Security has located related to your employment with the company. If we locate any additional documents, we will forward them to you see **Ibid at G**

The defense counsel's assertion in saying that "Allied is **unable to locate** [my] personnel file either from SSI. Inc or Allied Security Inc. is a calculated deception and, therefore, the intervention of the court is necessary since plaintiff has no any other means to discover any and all of my personnel file or records under the circumstance. More disturbingly, the counsel's assertion in stating that "….personnel record that Allied Security has located relating to your employment the company" were previously produced and also enclosed is false as documents related to my personnel file has not been included with the document that plaintiff received.

As is commonly known, employers are required to keep former employees personnel file for seven years and there is no reason to believe defendants' assertion in saying that documents requested were not locate .one year after the plaintiff's termination of employment.

To determine which company's personnel file be presented (Allied's or SSI's) as evidence in the trial and, to compel defendants to produce these documents, plaintiff respectfully request this court to schedule oral argument as possible as time permit because the deadline of discovery for the parties is become nearer and nearer. In the alternate, plaintiff also request the court to impose an order on

defendants not to use any of the documents they refused to produce as evidence at any stage of this litigation under the doctrine of " invited error". This will save the parties' and the court's time since, in the absence of production of plaintiff's complete **personnel file** at this discovery stage, defendants should not be permitted to conceal such document and later bring it as extrinsic evidence and use it for any purpose of their choice. Because plaintiff knew that they can not use such document for any purpose including impeachment, they should produce to the plaintiff so that I will review what the false information was included by any other person's hand writing.

In conclusion plaintiff should receive my job application from my former employer and the later that took over the former. As the court can see for itself there is no a single indication or availabil documents enclosed from the defendants' letter of correspondences of April 8 and 21, 2005 that contain the document sought by plaintiff. In addition plaintiff also seek the court's opinion or ruling whether defendant can use two different companies' personnel policy for the one alleged misconduct of the plaintiff. **Plaintiff argued that they can not.**


ORAL ARGUMENT REQUESTED


Dated 4-25-05

Respectfully submitted

Begashaw Ayele, Pro Se

## CRTIFICATE OF SERVICE

The forgoing document titled "MOTION FOR COMPELLING DISCOVERY UNDER FED. RULE OF CIV. P. 37." has been served on Allied Security LLC et. al and/or defense counsel by hand delivery at the office of Jackson /Lewis located at 75 Park Plaza, in Boston, Massachusetts, this the 25th day of April 28, 2005

Dated 4-28-05

Sincerely,

Begashaw Ayele, Pro Se