**EXHIBIT – A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEGASHAW AYELE,

      Plaintiff

v.                                                                  Civil Action No. 04-12216-RCL

ALLIED SECURITY COMPANY, INC. AND
EDWARD RZEPPA

      Defendants

## DEFENDANTS' PROPOSED STATEMENT REGARDING PRETRIAL SCHEDULE

Defendants submit this Statement pursuant to Local Rule 16.1 of the United States District Court for the District of Massachusetts and the Court's Notice of Scheduling Conference. Plaintiff has indicated that he does not agree with this statement and that he will file his own statement. Plaintiff nevertheless failed to identify specific disagreements with this schedule or propose his own prior to the deadline for filing such statements. Therefore, Defendants request that the Court approve the following proposed Pretrial Schedule and Discovery Plan:

### Concise Summary of Position Asserted By Plaintiff

Plaintiff states in his Complaint that he was employed by Allied Security LLC as a security guard stationed at Whittier Place in Boston from approximately March 19, 2004 to April 16, 2004. Defendant Rzeppa was Plaintiff's supervisor during his employment. Plaintiff claims that he was wrongly accused of misconduct and that his employment was terminated due to his national origin, and in violation of the Family and Medical Leave Act ("FMLA").

### Concise Summary of Position Asserted By Defendants

Defendant states that Plaintiff's employment was terminated after he acted inappropriately toward a guest at the building where he was working. In particular, Plaintiff

referred to a registered guest by using a derogatory term and was overheard doing so by the shift supervisor. Plaintiff's termination, therefore, was for legitimate business reasons unrelated to his national origin. In addition, Plaintiff cannot make out a claim under the FMLA because, among other reasons, he was not employed by Defendant for the one year period required to be eligible for any rights under the FMLA.

## Proposed Pretrial Schedule and Discovery Plan

| | |
|---|---|
| March 11, 2005 | Deadline for providing initial disclosures. |
| September 30, 2005 | Deadline for completion of all fact discovery, including requests for production of documents, interrogatories and fact witness depositions. The parties agree that the deposition of Plaintiff and the deposition of Defendant Rzeppa shall not be limited to seven hours or to one day. |
| November 15, 2005 | Deadline for filing dispositive motions, if any party determines that such a motion is appropriate. |
| December 15, 2005 | Deadline for filing oppositions, if any, to dispositive motions. The parties agree that a moving party may file a reply to the opposition of the responding party. |
| January 31, 2006 | Plaintiff to disclose his experts and expert reports. |
| February 28, 2006 | Defendants to disclose their expert and expert reports. |
| March 31, 2006 | Depositions of Plaintiff's and Defendants' experts to be completed. |
| TBD by Court | Trial |

This discovery schedule assumes the cooperation of the parties, all third party witnesses, and expert witnesses. Defendants suggest that requests for additional time for discovery may be made and shall be reasonably agreed to in the event of delays occasioned by discovery disputes requiring a decision by the Court, and/or the unavailability of fact or expert witnesses due to vacation or work schedules.

## Certifications

Defendants will submit under separate cover the certification required by Local Rule 16.1(D)(3).

WHEREFORE, Defendants respectfully request that the Court approve their Proposed Pretrial Schedule and Discovery Plan, with such amendments as the Court deems just and proper.

Respectfully submitted,

ALLIED SECURITY LLC AND
EDWARD RZEPPA
By their attorneys,

/s/ Richard W. Paterniti
Jeffrey S. Brody, BBO# 566032
Richard W. Paterniti, BBO#645170
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: February 9, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2005, a copy of the foregoing was filed electronically with the court and served by first class mail on Plaintiff Begashaw Ayele, 261 O'Callaghan Way, Apt. 816, South Boston, MA 02127.

Jackson Lewis LLP

**EXHIBIT – B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2005 FEB -9  P 3: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| BEGASHAW AYELE, PRO SE | ) |
| | ) |
| **Plaintiff** | ) |
| **Vs** | ) |
| | ) |
| **Defendant** | ) |
| | ) |
| | ) |

Civ. Action No. 04-CV12216PBS

## PLAINTIFF'S STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26 (f)AND LOCAL RULE 16.1(d)

Pursuant to Fed. R. Civ. P.26(f) and Local Rule 16.1(d) the parties have discussed several issues related to the discovery plan but *did not agree* and, therefore, plaintiff submit the following proposed schedule and filed separately with the court. Some of the reason of plaintiff's disagreement with the defendants' proposed discovery plan is because of conflicting schedule of other court case as well as non court related personal program.

## PLAINTIFF'S PROPOSED DISCOVERY PLAN.

**Please Note:**

Defendant had restated the parties position in the case but plaintiff has not re-stated my claim or position as I have done that in my AMENDED COMPLAINT. For this reason alone, I only have set the dates of discovery plan convenient to me leaving the rest to be decided by the court.

1

February 31, 2005 - Deadline for providing initial disclosure

April 30, 2005     - Deadline for fact discovery

May 31, 2005      - Exchange of Plaintiff's Initial Expert Report

June 30, 2005     - Exchange of Defendant's of Expert Report

July 31, 2005     - Deposition of Defendants' and Plaintiff's experts

August 31, 2005   - Deadline for Dispositive Motion

Sept. 30, 2005    - Deadline for filing Opposition to Dispositive Motion

## **CERTIFICATION**

Plaintiff will submit the required certification under separate cover.

Respectfully Submitted

Begashaw Ayele
261 O'Callaghan Way #816
South Boston, MA 02127
(617) 474-9774

2

# EXHIBIT – C

# United States District Court
## District of Massachusetts (Boston)
# CIVIL DOCKET FOR CASE #: 1:04-cv-12216-RCL
## Internal Use Only

Ayele v. Allied Security Company, Inc. et al
Assigned to: Judge Reginald C. Lindsay
Cause: 42:2000e Job Discrimination
(Employment)

Date Filed: 10/18/2004
Jury Demand: Plaintiff
Nature of Suit: 440 Civil
Rights: Other
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 10/18/2004 | 1 | MOTION for Leave to Proceed in forma pauperis by Begashaw Ayele.(Jenness, Susan) (Entered: 10/22/2004) |
| 10/18/2004 | 2 | COMPLAINT Filing fee: $ 0.00, receipt number 0.00, filed by Begashaw Ayele.(Jenness, Susan) (Entered: 10/22/2004) |
| 10/18/2004 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Bowler. (Jenness, Susan) (Entered: 10/22/2004) |
| 10/22/2004 | | ***Staff notes Case undergoing preliminary screening (Jenness, Susan) (Entered: 10/22/2004) |
| 12/03/2004 | 3 | Judge Reginald C. Lindsay : ORDER entered granting 1 Motion for Leave to Proceed in forma pauperis. The Clerk shall issue summonses and the United States Marshal shall serve a copy of the summons, complaint, and this order upon defendant(s) as directed by plaintiff with all costs of service to be advanced by the United States. (Morse, Barbara) (Entered: 12/06/2004) |

madei - Docket Report

| 12/06/2004 | ❂ | Case randomly reassigned to Judge Reginald C. Lindsay because it was directly to Judge Mark L. Wolf in error. (Morse, Barbara) (Entered: 12/06/2004) |
|---|---|---|
| 12/15/2004 | ❂ | Summons Issued as to Allied Security Company, Inc., Edward Rzeppa mailed to plaintiff with Rule 4.1, USM 285 forms and US marshal service information letter. (Jenness, Susan) (Entered: 12/15/2004) |
| 12/20/2004 | ❂4 | First AMENDED COMPLAINT against Allied Security Company, Inc., Edward Rzeppa , filed by Begashaw Ayele.(Stanhope, Don) (Entered: 12/21/2004) |
| 01/12/2005 | ❂5 | US Marshal Process Receipt and Return for Summons. Allied Security Co. Inc. served Delivered on 12/28/4 (Stanhope, Don) (Entered: 01/12/2005) |
| 01/12/2005 | ❂6 | US Marshal Process Receipt and Return for Summons. Edward Rzeppa served Delivered on 12/28/4 (Stanhope, Don) (Entered: 01/12/2005) |
| 01/18/2005 | ❂7 | ANSWER to Amended Complaint by Allied Security Company, Inc., Edward Rzeppa.(Paterniti, Richard) (Entered: 01/18/2005) |
| 01/18/2005 | ❂8 | CORPORATE DISCLOSURE STATEMENT by Allied Security Company, Inc.. (Paterniti, Richard) (Entered: 01/18/2005) |
| 01/26/2005 | ❂9 | NOTICE of Scheduling Conference Scheduling Conference set for 2/16/2005 03:00 PM in Courtroom 11 before Judge Reginald C. Lindsay. (Hourihan, Lisa) (Entered: 01/26/2005) |
| 02/09/2005 | ❂10 | Joint Statement re Scheduling Conference. by Allied Security Company, Inc., Edward Rzeppa. (Paterniti, Richard) (Entered: 02/09/2005) |
| 02/09/2005 | ❂11 | CERTIFICATION pursuant to Local Rule 16.1 by Allied Security Company, Inc..(Paterniti, Richard) (Entered: 02/09/2005) |

| 02/09/2005 | ◐12 | STATEMENT Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1 by Begashaw Ayele. (Patch, Christine) (Entered: 02/14/2005) |
| 02/16/2005 | ◐ | Electronic Clerk's Notes for proceedings held before Judge Reginald C. Lindsay : Scheduling Conference held on 2/16/2005. Initial Disclosures due by 3/11/05. Fact Discovery due by 8/30/05, the Deposition of the Plaintiff is limited to no more than 10 hours over the course of two days. Dispositive Motions due by 10/3/05. Oppositions to Dispositive Motions due by 11/3/05. The Court will address further discovery in regards to expert designations if case survives dispositive motions. (Court Reporter none.) (Stanhope, Don) (Entered: 02/18/2005) |
| 03/10/2005 | ◐13 | MOTION for Filing Plaintiff's Papers Without Electronic System filed by Begashaw Ayele. (Stanhope, Don) (Entered: 03/15/2005) |
| 03/30/2005 | ◐ | Judge Reginald C. Lindsay : Electronic ORDER entered granting 13 Motion for Filing Plaintiff's Papers without Electronic System (Hourihan, Lisa) (Entered: 03/30/2005) |

**EXHIBIT – D**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEGASHAW AYELE,
　　　Plaintiff

v.

ALLIED SECURITY COMPANY, INC. and
EDWARD RZEPPA,
　　　Defendants

Civil Action No. 04-12216-RCL

## INITIAL DISCLOSURES OF DEFENDANTS

Pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A), Defendants Allied Security LLC ("Allied") and Edward Rzeppa ("Rzeppa"), hereby make the following initial disclosures. Defendants reserve the right to supplement the list of individuals likely to have discoverable information, as well as to identify additional documents, as necessary.

I.　　Persons Likely To Have Discoverable Information

The persons likely to have discoverable information that Defendants may use to support their defenses, include at least the following:

(a)　　Edward Rzeppa, Site Manager for Allied, c/o Allied Security LLC, 3606 Horizon Drive, King of Prussia, PA, 19406. Mr. Rzeppa has information regarding Plaintiff's work performance and termination, as well as information regarding Plaintiff's allegations concerning his alleged discrimination.

(b)　　Floyd Lewis, Shift Supervisor for Allied, c/o Allied Security LLC, 3606 Horizon Drive, King of Prussia, PA, 19406. Mr. Lewis has information regarding Plaintiff's work performance and termination, as well as information regarding Plaintiff's allegations concerning his alleged discrimination.

(c)    Erika Colligan.    Address unknown.    Ms. Colligan has information regarding Plaintiff's conduct toward her and his use of a derogatory term toward her on or about April 16, 2004.

II.    Documents Likely To Be Relevant

The documents likely to be relevant in this action include Plaintiff's personnel file and documents concerning Allied's personnel policies and practices. Defendants reserve the right to supplement this list as necessary.

III.    Insurance Coverage

Defendants will make available upon request for inspection and copying any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Respectfully submitted,

ALLIED SECURITY LLC AND
EDWARD RZEPPA
By their attorneys,

Jeffrey S. Brody, BBO# 566032
Richard W. Paterniti, BBO#645170
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
February 22, 2005                           (617) 367-0025

**CERTIFICATE OF SERVICE**

This hereby certifies that on this 22nd day of February, 2005, a copy of the foregoing was served upon Plaintiff Begashaw Ayele, *Pro Se*, 261 O'Callaghan Way, Apartment 816, South Boston, Massachusetts 02127, via first-class mail, postage prepaid.

Jackson Lewis LLP