UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEGASHAW AYELE,

    Plaintiff

v.

ALLIED SECURITY COMPANY, INC. AND
EDWARD RZEPPA

    Defendants

Civil Action No. 04-12216-RCL

### OPPOSITION TO MOTION FOR COMPELLING DISCOVERY UNDER FEDERAL RULE OF PROCEDURE 37

Defendant, Allied Security, LLC ("Allied"), opposes Plaintiff's "Motion for Compelling Discovery Under Federal Rule of Civil Procedure 37," served on April 28, 2005. In that motion, Plaintiff seeks the production of his personnel file from his former employers, Security Systems, Inc. ("SSI") and Allied. Defendant, however, has produced all of the records that it has been able to locate relating to Plaintiff's employment with Allied, which it has explained to Plaintiff in numerous telephone conversations and correspondence. Defendant has also explained to Plaintiff that it is not able to locate his personnel file from SSI, a company whose assets Allied purchased. Moreover, Plaintiff's motion is premature and inconsistent with the Federal Rules of Civil Procedure because he has not yet served discovery requests in this matter. Contrary to Plaintiff's allegations, Defendant is not required to produce those documents identified as documents likely to be relevant in this matter in its initial disclosures.

Because Defendant has produced the information sought by Plaintiff in his motion that it has located, even though it was not required to do so by the rules, Plaintiff's motion is frivolous

and should be denied by the Court. In addition, Defendant should be awarded its costs for having to oppose this unnecessary motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In or about March, 2004, Plaintiff became an employee of Allied. See Answer of Defendants to Plaintiff's First Amended Complaint at ¶ 11. Plaintiff had previously been employed by SSI, whose assets were later purchased by Allied. See Plaintiff's First Amended Complaint at ¶ 11. At SSI and then at Allied, Plaintiff worked as a security guard at Whittier Place in Boston, Massachusetts. See Answer of Defendants to Plaintiff's First Amended Complaint at ¶ 12. Plaintiff's employment with Allied was terminated on or about April 16, 2004 as a result of his inappropriate conduct toward a guest at Whittier Place. Id. at ¶ 14.

As a result of the termination of his employment, Plaintiff filed a complaint in this Court on or about October 18, 2004. Plaintiff then filed an amended complaint on or about December 20, 2004. In his amended complaint, Plaintiff alleged that he was discriminated against on the basis of his race and that Defendants violated his rights under the Family Medical Leave Act ("FMLA"). On or about January 18, 2005, Defendants Allied and Edward Rzeppa, Plaintiff's supervisor at Allied, filed their Answer to Plaintiff's First Amended Complaint in which they denied his allegations.

Following the filing of this Answer, and pursuant to the Court's Notice of Scheduling Conference, Defendants drafted a proposed Joint Statement pursuant to the rules and provided it to Plaintiff for his assent. In response to that statement, Plaintiff indicated that he did not agree with the statement, but refused to provide an alternative discovery schedule or statement. As a result, the parties filed their own statement for the scheduling conference. Subsequent to the scheduling conference, Defendants served their Initial Disclosures on or about February 22, 2005, in which they indicated that the documents likely to be relevant in this matter included

"Plaintiff's personnel file and documents concerning Allied's personnel policies and practices." See Exhibit D to Plaintiff's Motion for Compelling Discovery Under Federal Rule of Civil Procedure 37.

In early April 2005, Plaintiff contacted Richard Paterniti, counsel for Defendants, and requested copies of the above documents referenced in Defendants' Initial Disclosures. See Affidavit of Richard Paterniti at ¶ 2. During several conversations between Mr. Paterniti and Plaintiff, Mr. Paterniti explained to Plaintiff that Defendants were not required to produce documents pursuant to Fed. R. Civ. P. Rule 26(a)(1)(B). Id. at ¶ 3. During those conversations, Plaintiff did not acknowledge the explanation provided by Mr. Paterniti, nor did he respond to Mr. Paterniti's invitation for him to serve a document request for the documents. Id. at ¶ 3.

On April 8, 2005, in an attempt to resolve any dispute regarding the production of documents, Defendant Allied produced the records that it had in its possession relating to Plaintiff's employment with Allied. See Exhibit F to Plaintiff's Motion for Compelling Discovery Under Federal Rule of Civil Procedure 37. In the letter enclosing those documents, Mr. Paterniti noted that Fed. R. Civ. P. 26(a)(1)(B) does not require that Defendants produce these documents. Id. In response to this letter, Plaintiff, contrary to the rules, filed a letter with the Clerk's office, which was addressed to Defendants' counsel. See Exhibit E to Plaintiff's Motion for Compelling Discovery Under Federal Rule of Civil Procedure 37. In that letter, he incorrectly noted that Defendants had "promised to produce all documents [it] identified" in their initial disclosures. Id. In particular, Plaintiff sought his complete personnel file from Allied, which he believed included the personnel file from SSI. Id.

After additional telephone conversations between Plaintiff and Mr. Paterniti, Defendant Allied produced additional employment records, including payroll and time records that were in Allied's possession. See Aff. of Paterniti at ¶ 6; Exhibit G to Plaintiff's Motion for Compelling

3

Discovery Under Federal Rule of Civil Procedure 37. In correspondence to Plaintiff dated April 21, 2005 enclosing these records, Defendants' counsel noted that Allied was unable to locate a personnel file for Plaintiff from SSI. Id. Defendants' counsel also explained that the documents produced, including those enclosed with the letter, were copies of the personnel records that Allied had located relating to Plaintiff's employment. Id. In this letter, Defendants' counsel requested that Plaintiff withdraw his April 10, 2005 letter from the Court's docket, because it was filed with the Court inappropriately and contrary to the rules. Id. On April 28, 2005, Plaintiff filed his "Motion for Compelling Discovery."[1]

## ARGUMENT

### I. Defendant Has Produced The Requested Documents

Plaintiff's motion to compel production of documents fails because Defendant has produced the requested documents. Even though the rules do not require production of those documents identified in Defendants' initial disclosures, including Plaintiff's personnel file from Allied, Defendant Allied has produced all documents relating to Plaintiff's employment with Allied. When producing these documents, Allied, through its attorneys, explained to Plaintiff that it was unable to locate any documents relating to Plaintiff's employment with SSI, other than those that have been produced. Because Defendant Allied has produced all personnel records that it is able to locate relating to Plaintiff's employment, and because it has no such other documents, Plaintiff's motion is unnecessary and should be denied.[2]

---

[1] In his motion, Plaintiff did not certify that he had attempted to resolve or narrow the issues. Indeed, as explained above, Defendants' counsel attempted to discuss the issues in Plaintiffs' motion before he filed such motion, but Plaintiff refused to discuss the matter.

[2] Of course, Defendant will supplement its production if it locates any additional personnel records.

4

## II. The Federal Rules Do Not Require Production of Documents Identified In Defendants' Initial Disclosures

In addition, Plaintiff's motion should be denied because the Federal Rules of Civil Procedure to not require production of those documents identified in Defendants' initial disclosures. Fed. R. Civ. P. 26 provides as follows: "except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by Order, a party must, without awaiting a discovery request, provide to other parties: (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment . . ." Fed. R. Civ. P. 26(a)(1)(B). The Federal Rules of Civil Procedure are clear that when a party provides its initial disclosures, it may provide "a copy of, **or** *a description by category*" of all documents that are in its possession and that the disclosing party may use to support its claims or defenses. (Emphasis added)

Here, Plaintiff contends that Defendant Allied is required to produce Plaintiff's personnel file because these documents were identified in Defendants' initial disclosures as documents that were relevant to his claim. As explained in Rule 26(a)(1)(B), however, the Federal Rules of Civil Procedure do not require that Defendants produce those documents, but require that they merely provide a description of those documents, which Defendants correctly provided. Because these rules do not require production of documents, unless a document request is served, and because Plaintiff has not served such document requests to date, his motion to compel the production of his personnel file must be denied.

## III. Defendant Allied Is Entitled to Its Costs In Having to Oppose This Motion

Pursuant to Fed. R. Civ. P. 37(a)(4)(B), Defendant Allied is entitled to its expenses, including attorneys' fees, in having to file an opposition to Plaintiff's frivolous motion. As

explained above, Defendants' counsel explained to Plaintiff during numerous telephone conversations and in correspondence that the rules, including Rule 26(a)(1)(B), do not require production of any documents. In addition, Defendant Allied explained that it produced all of the documents that it has in its possession relating to Plaintiff's employment and it is unable to locate any documents relating to his employment with SSI. Defendant cannot be compelled to produce documents it does not have in its possession or control.

Despite explaining the rules to Plaintiff on numerous occasions, in particular that it was not required to produce any documents at this time, and despite Allied's production of the requested documents, Plaintiff filed this unnecessary motion. Indeed, Plaintiff has a lengthy history of filing numerous employment discrimination suits in Federal Court against past employers and is familiar with the basic rules of discovery. For these reasons, Defendant Allied is entitled to its costs for having to oppose this motion.

## CONCLUSION

For the foregoing reasons, Defendant requests that Plaintiff's Motion for Compelling Discovery Under Federal Rule of Civil Procedure 37 be denied and that Defendant Allied be granted its costs for having to oppose this motion.

Respectfully submitted,

ALLIED SECURITY LLC
By their attorneys,

/s/Richard W. Paterniti
Jeffrey S. Brody, BBO# 566032
Richard W. Paterniti, BBO#645170
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

May 12, 2005