UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEGASHAW AYELE,

    Plaintiff

v.

ALLIED SECURITY COMPANY, INC. AND
EDWARD RZEPPA

    Defendants

Civil Action No. 04-12216-RCL

## AFFIDAVIT OF RICHARD W. PATERNITI

Richard W. Paterniti, on oath, deposes and says as follows:

1. I am an associate with the firm Jackson Lewis LLP, counsel for Defendants in the above-captioned matter. I have been involved in the defense of this litigation on behalf of Defendants, Allied Security, LLC ("Allied") and Edward Rzeppa, (collectively "Defendants").

2. In early April 2005, Plaintiff contacted me, and requested copies of his personnel file from Allied, because it was referenced in Defendants' Initial Disclosures.

3. During several conversations between Plaintiff and myself, I explained to Plaintiff that the Defendants were not required to produce documents pursuant to Fed. R. Civ. P. Rule 26(a)(1)(B). During those conversations, Plaintiff did not acknowledge the explanation provided by me, nor did he respond to my invitation for him to serve a document request for the documents.

4. On April 8, 2005, in an attempt to resolve any dispute regarding the production of documents, I sent a letter to Plaintiff on behalf of Defendant Allied enclosing the records that Allied had in its possession relating to Plaintiff's employment with Allied. In the letter enclosing those documents, I noted that the Fed. R. Civ. P. 26(a)(1)(B) does not require that Defendants

produce these documents. A copy of this letter is attached as Exhibit F to Plaintiff's Motion for Compelling Discovery Under Federal Rule of Civil Procedure 37.

5.  In response to this letter, Plaintiff, contrary to the rules, filed a letter dated April 10, 2005 with the Clerk's office, which was addressed to me. A copy of Plaintiff's letter dated April 10, 2005 is attached as Exhibit E to Plaintiff's Motion for Compelling Discovery Under Federal Rule of Civil Procedure 37.

6.  After additional telephone conversations between Plaintiff and myself in which we discussed Plaintiff's employment records with Allied, I sent a letter dated April 21, 2005 to Plaintiff on behalf of Defendant Allied enclosing additional employment records, including payroll and time records, that were in Allied's possession. In this correspondence to Plaintiff, I noted that Allied was unable to locate a personnel file for Plaintiff from Security Systems, Inc., Plaintiff's former employer whose assets were purchased by Allied. I also explained that the documents produced, including those enclosed with the correspondence, were copies of the personnel records that Allied had located relating to Plaintiff's employment. In this letter, I requested that Plaintiff withdraw his April 10, 2005 letter from the Court's docket, because it was filed with the Court inappropriately and contrary to the rules. A copy of the letter dated April 21, 2005 is attached as Exhibit G to Plaintiff's Motion for Compelling Discovery Under Federal Rule of Civil Procedure 37.

Signed under the pains and penalties of perjury this 12th day of May, 2005.

Richard W. Paterniti